IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BISHARA THOMAS, # R-48668,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-00108-JPG |
| ) | |
| **WEXFORD HEALTH SERVICES,** ) | |
| **DR. RITZ, and KIMBERLY BUTLER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Bishara Thomas, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have denied him adequate medical treatment for a chronic stomach condition. (Doc. 1, p. 5). Plaintiff seeks monetary and injunctive relief.

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Since November 2009, Plaintiff has suffered severe abdominal pain. (Doc. 1, p. 5).  He has been seen on numerous occasions by medical staff at Stateville Correctional Center and Menard.  *Id*.  Over the years, Plaintiff has repeatedly complained about his condition, which he states is very painful and includes the following symptoms: bloating, thin and bloody stool, vomiting black and bloody substances, diarrhea, constipation, and soreness.  *Id*.  Plaintiff has been prescribed various medications, all to no avail.  Plaintiff maintains that the medications have provided him with no relief and have, in fact, exacerbated his stomach condition. *Id*.

Plaintiff asserts that Dr. Trost, the head medical provider at Menard, told Plaintiff that the treatments options available at Menard were limited and had all been exhausted.  *Id*.  Dr. Trost maintained that they would not be able to effectively treat Plaintiff at Menard until Plaintiff underwent a CT scan or endoscopy, procedures which could not be performed at Menard. *Id*.  Dr. Trost submitted a referral for the tests, but the request was denied by Defendant Wexford Health Services ("Wexford") and its employee, Defendant Dr. Ritz.  *Id*.  In a letter dated December 18, 2014, Charlotte Miget, a nursing supervisor, explained that Plaintiff's case had been "presented in collegial" and the request for a CT scan and/or endoscopy had been denied by Wexford. *Id*. at 46.  Plaintiff was directed to use "nurse sick call as needed." *Id*.

Finally, Plaintiff states that he has repeatedly been charged a medical co-pay for the same ongoing medical issue, which he maintains is against prison policy. *Id*. at 6.

**Discussion**

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Moreover, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

Accepting Plaintiff's allegations as true, as the Court must at this stage, the Court finds that Plaintiff has sufficiently alleged that he is suffering from an objectively serious medical condition. The question, therefore, is whether the named Defendants acted with deliberate indifference.

According to the Complaint, Defendant Wexford denied a request made by Dr. Trost, the head medical doctor at Menard, to send Plaintiff to an outside medical facility for medical tests

Dr. Trost believed were necessary to adequately diagnose and treat Plaintiff's stomach condition. Although a mere disagreement regarding the proper course of treatment usually does not give rise to a claim of deliberate indifference, that determination turns on questions of fact that cannot be decided at this stage. The Seventh Circuit has noted

> Like other medical decisions, the choice whether to refer a prisoner to a specialist involves the exercise of medical discretion, and so refusal to refer supports a claim of deliberate indifference only if that choice is 'blatantly inappropriate.' On occasion, we have noted that failure to authorize such a visit permits an inference of deliberate indifference.

*Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (collecting cases) (internal citations omitted).

Defendant Wexford's liability is complicated by the fact that it is a corporation that provides medical care at the prison on a contractual basis. Private corporations, such as Wexford, cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Plaintiff alleges that Defendant Wexford has denied him access to medical tests that are necessary to adequately treat his stomach condition. If Plaintiff's allegation that Wexford's decision amounted to a policy or practice that caused an infringement of his constitutional rights, Plaintiff may be able to establish deliberate indifference on the part of Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Accordingly, the claim against Defendant Wexford Health Sources will not be dismissed at this point in the litigation.

Plaintiff also names Defendant Ritz, a doctor employed by Wexford, but does not explain what role Defendant Ritz played in denying Plaintiff medical treatment. As far as the Court can tell, Defendant Ritz is not mentioned in any of the accompanying exhibits. According to the

nursing supervisor's response to Plaintiff's grievance, it was Defendant Wexford Health Services who denied the referral for additional medical tests.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Defendant Ritz shall be dismissed without prejudice at this time.

Finally, for purposes of injunctive relief, Plaintiff has named Kim Butler as a Defendant, but only in her official capacity as Warden of Menard.  Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement).  Therefore, Plaintiff may proceed on his claim for injunctive relief against Defendant Butler, in her official capacity as Warden of Menard.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment claim for damages against Defendant **WEXFORD HEALTH SERVICES** and his claim for injunctive relief against Defendant **BUTLER**, in her official capacity as Warden of Menard.

**IT IS FURTHER ORDERED** that Defendant **RITZ** is **DISMISSED** from this matter without prejudice.

The Clerk of Court shall prepare for Defendants **WEXFORD HEALTH SERVICES** and **BUTLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms,

a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 17, 2015**

*s/J. Phil Gilbert*
United States District Judge