IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BISHARA THOMAS, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:15-cv-108-RJD
 )
STEVE RITZ, M.D., JOHN TROST, M.D., )
and JACQUELINE LASHBROOK, )
 )
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

    Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 145, 148, and 153). The Court has reviewed the motions, any responses thereto, and sets forth its rulings as follows:

### Motions in Limine filed by Defendants Trost and Ritz (Doc. 145)

1. Defendants seek to bar evidence of any application for insurance, insurance policy, or statement, evidence, or testimony concerning whether Defendants may have insurance in connection with Plaintiff's claim, or any reference to any coverage dispute or indemnity agreement between any of the parties to this action. Plaintiff indicates he has no objection unless Defendants testify regarding their worth or ability to pay a judgment or defend this suit. The Court **GRANTS** Defendants' motion to bar such evidence; however, if Defendants open the door with related testimony, Plaintiff may raise the issue of insurance coverage at that time.

2. Defendants seek to bar evidence of any statement, testimony or argument about Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company, or

"evil" or a "bad" company. Plaintiff indicates he will not refer to Wexford as a "big," "evil," or "bad" company unless Defendants open the door. However, Plaintiff contends it is relevant to refer to Wexford as a for-profit corporation. The Court disagrees. Defendants' Motion is **GRANTED**. Plaintiff may explain that Wexford is a corporation that contracts with the Illinois Department of Corrections ("IDOC") to provide health care services to inmates and that Dr. Ritz and Dr. Trost were employees of Wexford, but it is irrelevant to reference its "for-profit" status.

3. Defendants seek to bar evidence of any medical treatment provided to other inmates. Plaintiff has no objection. Defendants' Motion is **GRANTED**.

4. Defendants seek to bar evidence of any statements purportedly made by non-party medical providers that are not reflected in the medical records, arguing such statements are inadmissible hearsay. Plaintiff has no objection unless Defendants open the door to such testimony. The Motion is **GRANTED** unless Defendants open the door on the topic.

5. Defendants seek to bar evidence of any documents, testimony, or other evidence concerning allegations, investigations, claims, discipline, lawsuits, lawsuit settlements, "other bad acts," or other matters asserted against Defendant Trost or Ritz, by any other person or entity, including, but not limited to, any other patient or state medical board. Plaintiff states that he has not identified any other lawsuit that would be admissible under FRE 404(b), but such evidence may be proper impeachment. Plaintiff further indicates that should Defendants open the door, this evidence may be relevant and admissible. The Court **GRANTS** Defendants' motion to bar such evidence finding it would be more prejudicial than probative, unless, however, Defendants open the door on the topic.

6. Defendants seek to prohibit Plaintiff from offering medical or other technical literature to

the jury because such literature is generally prohibited as hearsay. Plaintiff contends that he seeks to use statements from Guidelines for Management of Hiatal Hernia published by the Society of American Gastrointestinal and Endoscopic Surgeons, and a statement from the medical journal article entitled "Minimal Endoscopic Changes in Non-Erosive Refluex Disease," published by Ferreira, et al. This Motion is **TAKEN UNDER ADVISEMENT**. The Court will issue its ruling once it is clear how Plaintiff intends to introduce the literature.

7. Defendants seek to bar introduction of evidence of negligence, a standard of care, or hypotheticals concerning other available treatments, asserting any such references are irrelevant to the issue of deliberate indifference and will only serve to confuse the jury. Plaintiff contends that evidence of the standard of care is relevant and he should be allowed to introduce evidence of the same, as well as possible alternative treatments. The Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall not be allowed to introduce evidence of negligence or reference a "standard of care" as presentation of such issues are likely to confuse the jury and are irrelevant to the claim of deliberate indifference. However, evidence of alternative treatments may be introduced.

8. Defendants seek to bar testimony of witnesses who are not physicians, nurses, or mental health professionals, including Plaintiff, which requires specialized knowledge, education, or training. Plaintiff states that he intends to offer permissible lay opinion testimony regarding the pain he has suffered and continues to suffer, and that the treatment provided has been ineffective in reducing or stopping the pain. Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff and his witnesses may testify as to their own personal experiences and observations, but Plaintiff and his witnesses shall be

prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

9. Defendants seek to bar evidence of grievances, complaints, affidavits, letters, and other documents demonstrating Plaintiff's intent to commence this action and/or descriptions of the medical care at issue. Defendants contend such documents are inadmissible hearsay. Plaintiff asserts that grievance-related exhibits are relevant and are not being offered to show the truth of the matters asserted. This Motion is **TAKEN UNDER ADVISEMENT**. The Court generally finds that grievances are inadmissible hearsay. However, such records may be admissible if they are relevant and are not being offered for the truth of the matter asserted.

10. Defendants seek to exclude any documents, testimony, or other evidence concerning Trost's termination from Wexford. Plaintiff contends that such information is relevant because Trost was terminated, in part, because he failed to properly document patient referrals in collegial, which occurred in this case. Defendants' Motion is **GRANTED**. This evidence is more prejudicial than probative and Plaintiff will be allowed to introduce evidence of the issues with Dr. Trost's referrals without introducing evidence of Trost's termination.

11. Defendants seek to bar Plaintiff from offering into evidence any IDOC or Menard directives, policies, or protocols and/or any Wexford policies or protocols regarding medical treatment. Plaintiff contends such evidence is relevant because it can establish that Defendants acted with deliberate indifference. This Motion is **TAKEN UNDER ADVISEMENT**. The Court shall only issue a final ruling after it is clear what policies,

protocols, or directives Plaintiff may seek to introduce.

## Motions in Limine filed by Plaintiff Bishara Thomas (Doc. 148)

1. Motion in Limine to Exclude Plaintiff's Prior Convictions

Plaintiff moves to exclude any evidence or testimony regarding the nature of his criminal offenses, including the length of his sentence. Defendants oppose Plaintiff's motion, arguing that Plaintiff's convictions are admissible under Federal Rule of Evidence 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of a felony and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff is incarcerated.

2. Motion in Limine to Exclude Medical Records Not Relevant to the Claim

Plaintiff seeks to prohibit Defendants from presenting any evidence of his prior medical records not relevant to his complaints set forth in his First Amended Complaint. Defendants object, asserting that the absence of complaints of abdominal distress or stomach issues

documented in the medical records is directly relevant to the disputed issues of this lawsuit. The Court agrees. Plaintiff's Motion is **DENIED**.

3. Motion in Limine to Exclude Disciplinary Records

    Defendants have no objection to this motion and it is **GRANTED**.

4. Motion in Limine to Exclude Evidence of All Unrelated Grievances Filed by Plaintiff

    Defendants have no objection to this motion and it is **GRANTED**.

5. Motion in Limine to Preclude the Testimony of Roderick L. Matticks, M.D., Arthur D. Funk, M.D., Michael Moldenhauer, N.P., Rashida Pollion, N.P., Mohammad Siddiqui, M.D., John Trost, M.D., and Stephen Ritz, D.O.

    Plaintiff asks that the Court preclude the testimony of the above individuals as Defendants Trost and Ritz failed to disclose these witnesses pursuant to Rule 26(a)(1) or (2). Plaintiff contends that exclusion is warranted under Rule 37(c) because there is no reasonable justification for Defendants' failure to make witness disclosures and he is still unaware of the subject matter of the testimony Defendants seek to elicit.

    First, Defendants correctly point out that this action is exempt from the initial disclosure requirements of Rule 26(a). Further, Ritz and Trost have indicated that they will not be calling Matticks, Funk, Moldenhauer, or Pollion at trial, and Siddiqui is only going to be called on an evidentiary basis for purposes of injunctive relief. With regard to Ritz and Trost, Defendants explain that they are not retained experts in this matter and, as named defendants in this action, have been produced for deposition. Accordingly, Plaintiff should not be surprised by their testimony at trial. Because Ritz and Trost are defendants in this action and provided treatment, or rendered treatment decisions with regard to Plaintiff, they shall be allowed to testify as to their treatment of Plaintiff's complaints and medical conditions and the basis for their treatment decisions. However, they shall not be allowed to provide expert opinions concerning Plaintiff's

medical conditions or the treatment thereof. As such, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

6. Motion in Limine to have Plaintiff be Unshackled, in Civilian Clothes, and Distanced from Illinois Department of Corrections Staff

Plaintiff seeks to be allowed to be unshackled and in civilian clothes, and separated a reasonable distance from IDOC staff while in the presence of the jury to minimize any prejudice that the attire and guarding may cause. Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff shall be permitted to wear civilian clothing during the course of the trial. Security permitting, he will also be unhand-cuffed during the course of the trial and any leg shackles will be obstructed from the view of the jury. However, Plaintiff's request for an order setting forth the placement of security personnel is denied. During the course of the trial, the Court will coordinate with the U.S. Marshals, the IDOC, and Plaintiff's counsel to set forth a suitable arrangement.

## Motions in Limine filed by Defendant Lashbrook (Doc. 153)

1. Motion in Limine to Prohibit Plaintiff from Offering Evidence or Testimony Referencing any "Golden Rule" Appeal

A "golden rule" argument is "one which the jury is asked to put itself in the plaintiff's position[.]" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). Courts have consistently held that golden rule arguments are improper because they ask jurors to "depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id*. (*quoting Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). Examples of golden rule arguments include:

> (1) to ask jurors how much the loss of the use of their legs would mean to them, *Leathers v. Gen. Motors Corp.*, 546 F.2d 1083, 1085–86 (4th Cir.1976); (2) to tell jurors "do unto

others as you would have them do unto you," *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53, 54 (7th Cir.1959); or (3) to tell jurors, in a reverse golden rule argument, "I don't want to ask you to place yourself in [the plaintiff's] position," *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir.1982).

*Caudle v. D.C.*, 707 F.3d 354, 359 (D.C. Cir. 2013). Because such arguments are improper, Defendants' Motion is **GRANTED**.

2. Motion in Limine Prohibiting Plaintiff from Offering Evidence or Testimony Referencing Illinois Administrative Code and Illinois Department of Corrections Administrative or Institutional Directives

For reasons stated above, this Motion is **TAKEN UNDER ADVISEMENT**. The Court shall only issue a final ruling after it is clear what policies, protocols, or directives Plaintiff may seek to introduce.

3. Motion in Limine Barring Plaintiff from Offering Inadmissible Hearsay Statements of any Mental Health Conditions

Any such evidence or testimony does not appear to be relevant to this case, therefore, Defendant's Motion is **GRANTED**.

## Conclusion

For the foregoing reasons, Defendant Trost and Ritz's Motions in Limine (Doc. 145) are **GRANTED IN PART, DENIED IN PART, AND TAKEN UNDER ADVISEMENT IN PART**, Plaintiff's Motions in Limine (Doc. 148) are **GRANTED IN PART AND DENIED IN PART**, and Defendant Lashbrook's Motions in Limine are **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART**.

**IT IS SO ORDERED.**

**DATED: April 13, 2018**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**